United Porto Rican Bank, Appellant, *v.* Registrar of Property of Caguas, Respondent.

No. 722.  Submitted May 22, 1928.—Decided June 8, 1928.

*Joaquín Vendrell* for the appellant.  The registrar appeared by brief.

Mr. Justice Texidor delivered the opinion of the court.

Bosch Brothers are the owners of a farm of 107.27 acres in Cayey.  In order to prepare, plant and cultivate sugar cane on fifty acres of that property for the crop of 1929–1930 Bosch Brothers needed funds and applied to The United Porto Rican Bank which, by a deed executed before notary Joaquín Vendrell on January 31, 1928, agreed to give to Bosch Brothers a financing credit for that purpose.  It appears from clause B of the copy of the deed before us that the credit is given to be applied to the expenses of preparing the ground, planting, upkeep, cultivation, harvesting and management of the cane planted on the property for the crop of 1929 up to the sum of fifty dollars for each acre newly planted and twenty-five dollars for each acre of ratoons.  The bank bound itself to deliver the sums in partial amounts as needed for the cultivation, reserving the right of inspecting the plantations, and the borrower agreed to repay with the sugar produced from the cane planted for the 1929 crop, the sugar to be delivered to the aforesaid banking institution although the number of acres planted should exceed that stipulated in the contract.  Likewise, the United Porto Rican Bank reserved to itself the management of the cane planted for the 1929 crop, if the borrower should exhaust the amount

of the loan, and the option to anticipate to the borrower the sums needed for the final harvesting and other expenses, charging these amounts to the loan account. As regards the liquidation, the following was stipulated:

"(F)—The liquidation and repayment of the agricultural financing loan granted to the firm of Bosch Brothers by the United Porto Rican Bank of all the disbursements or advances in excess of the loan made by the creditor bank to the firm and the preceding clause, as well as of the interest at the rate of nine percent yearly on the resulting total, shall be made on June 30, 1929, and that date is fixed for the final maturity of this contract, the firm of Bosch Brothers agreeing to sign notes in favor of the creditor bank for the amounts received on account of the financing loan."

The deed was presented in the Registry of Property of Guayama to be recorded in the register of agricultural contracts and the registrar endorsed on it the following note:

"Entry is made in the Registry of Agricultural Contracts of the present document only as regards the amount of the agricultural loan granted, on page 50 of vol. 11 of Cayey, property No. 424, entry B; record is denied as regards the sums allowed in excess of the loan as well as the interest for failure to specify any amount as security therefor, and a cautionary notice is made instead for 120 days."

The present appeal was taken from that decision.

The decision of the registrar is correct. A financing contract must either have a definite amount in beginning the financing, or should fix an exact form of liquidation. In that way only is the lien of the contract fixed and compliance is had with the principle of definiteness in all of its extent. In that way only can a third person contracting in regard to that property be thoroughly informed of any real charge affecting the property.

Section 1 of the Act on contracts of advances for agricultural purposes in defining such a contract says that one of the parties thereto receives, subject to reimbursement, certain amounts. Definiteness is a legal requisite.

In the case of *Rosenstadt & Waller, Inc.*, v. *Registrar of Guayama*, 32 P.R.R. 439, this court said:

"The acts of 1910 and 1911, Compilation, p. 11 *et seq.*, in section 5 provides that the agricultural contract may contain any legal covenants, but section 6, which covers the recording in the registry of property, as distinguished from the record of the agricultural contract, provides that when the contract comprises the placing, modification or extinction of a realty right, it shall be recorded under the provisions of the Mortgage Law.

"The Mortgage Law and its rules in various sections require that the amount for which a piece of property is to be responsible should be specified in the deed."

It is clear that this court upholds the enforcement of the Mortgage Law in its fundamental principles as they appear in its text and in the regulations.

The decision appealed from must be affirmed.